# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2012

## STATE OF TENNESSEE v. JAMES D. MORGAN

**Appeal from the Criminal Court for Hamilton County**
**No. 279908      Rebecca J. Stern, Judge**

---

**No. E2012-00810-CCA-R3-CD - Filed January 11, 2013**

---

The defendant, James D. Morgan, appeals the revocation of the probationary sentence imposed for his Hamilton County Criminal Court conviction of vandalism. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Richard Kenneth Mabee (on appeal); and Blake Murchison (at trial), Assistant District Public Defenders, for the appellant, James D. Morgan

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William H. Cox, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 12, 2011, the defendant, originally charged with reckless endangerment, leaving the scene of an accident, driving without a license, and vandalism of property valued at more than $500 but less than $1,000, pleaded guilty to the single count of vandalism in exchange for a one-year probationary sentence and dismissal of the remaining charges. The defendant also agreed to pay $500 restitution in ten equal installments of $50.

On January 4, 2012, the defendant's probation supervisor filed a probation violation report alleging that the defendant had violated the terms of his probation by lying about his address, failing to report, and failing to pay fees and restitution. A probation

violation warrant containing the same allegations issued one week later.

At the March 26, 2012 revocation hearing, the defendant's probation supervisor, John Donahey, testified that he first met with the defendant on November 10, 2011. The defendant telephoned Mr. Donahey on November 15, 2011, and told him that he had provided a false address and that he believed his true address might actually be located in Georgia. Mr. Donahey said that he traveled to the address on the following day and determined that it was in Rossville, Georgia, rather than East Ridge, Tennessee. At that time, he provided the defendant with three options: "Find a Tennessee address, transfer his probation to Georgia, or pay the $500 in restitution and come off probation." Mr. Donahey testified that he told the defendant to make a decision by the end of the month.

When the defendant did not contact him by the end of the month as directed, Mr. Donahey "referred his case to the [Administrative Case Review] committee meeting." The defendant missed hearing dates on December 13 and December 20, 2011. The defendant did not call to apologize for or explain his absence. On December 27, 2011, the defendant telephoned Mr. Donahey and said "that he missed the hearings because he was afraid that he had been violated." Mr. Donahey testified that he "assured him he had not been violated and [the defendant] agreed to meet" with Mr. Donahey and Mr. Donahey's supervisor on January 4, 2012, to resolve the case without resorting to a probation violation warrant. When the defendant failed to attend the January 4, 2012 meeting, Mr. Donahey filed a probation violation report.

Mr. Donahey confirmed that a condition of the defendant's sentence was that he could be released from supervised probation upon the payment of the $500 in restitution.

During cross-examination, Mr. Donahey conceded that the defendant had not incurred any new charges. Mr. Donahey reiterated that he filed the violation report because the defendant "was living in the state of Georgia and provided a false address" and "missed both ACRC meetings." He admitted that the defendant told him that he did not drive and instead used a bicycle as his primary means of transportation.

The defendant admitted that he provided Mr. Donahey with a false address, explaining that he did so because he did not know whether his actual address was in Georgia or Tennessee. The defendant said that he failed to report because he used a bicycle as his only mode of transportation and that "[t]o ride a bike from [his] residence location to the probation office it would take approximately two and a half hours or more to get there." As such, he said, reporting to the probation office presented a hardship. Nevertheless, the defendant admitted that he agreed to the plea agreement and the terms of probation upon entering his plea. He said that if the court returned him to probation, he would procure a bus

pass with the assistance of a friend.

The defendant admitted that he had not made any of the scheduled restitution payments but said that he could pay restitution from the proceeds of his business cutting yards. He testified that he "lost [his] SSI check due to being incarcerated," but he stated that he believed he could "get that back" upon his release. He said that he received the disability check due to his mental illness and that he could also "get a check" because he suffered from seizures.

During cross-examination, the defendant acknowledged that he had driven a car before and that his conviction offense actually arose from his driving a car in a reckless manner. The defendant acknowledged that he smoked cigarettes, explaining that he paid for the cigarettes "by cutting yards, raking leaves."

At the conclusion of the hearing, the trial court ordered the defendant's probation revoked on grounds that he lied about his address, failed to report, and failed to pay any restitution.

In this timely appeal, the defendant contends that the trial court erred by revoking his probation. Essentially dismissing the remaining grounds for revocation, the defendant contends that the trial court should not have revoked his probation for failure to pay restitution without making a finding that the failure to pay was willful. The State asserts that the revocation was appropriate.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71,

73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

Here, the defendant admitted that he lied about his address, failed to report, and failed to pay restitution as required. Although the defendant attempted to blame his failures on the fact that he lived a great distance from the probation office and had no practical means of transportation, the defendant admitted that he was aware of his transportation limitations when he made the agreement with the State and entered his guilty plea. The defendant lied to the probation officer during his first and only visit to the probation office, and although he later admitted the lie, he made no attempts to rectify the situation. Rather than attend scheduled meetings designed to resolve his case in a manner that permitted him to remain on probation, the defendant skipped the meetings entirely. Although the trial court made no specific findings regarding the defendant's ability to pay the $50 per month in restitution, the record establishes that the defendant received $500 per month in disability benefits and earned extra money doing yard work. Moreover, even without utilizing the defendant's failure to pay restitution and fees as a ground for revocation, the record clearly establishes that the defendant totally failed to abide by the remaining terms of his probation.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE